UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JACK W. WEBB, *et al.*, <br>    *Plaintiffs*, <br><br> *vs.* <br><br> ISORAY, INC., *et al.*, <br>    *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 2:11-cv-0103-JMS-DKL |

## **ORDER**

Defendants removed Plaintiff's personal injury action to this Court from Vigo Superior Court. [Dkts. 1; 1-1.] Defendants properly pleaded a basis for removal based on diversity jurisdiction.

On June 2, 2011, Plaintiffs filed an Amended Complaint. [Dkt. 14.] Through it, they confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs. [Dkt. 14 at 3 ¶ 8.] Plaintiffs do not, however, properly plead their respective citizenships.

Plaintiffs assert that decedent Waneta L. Webb was a "resident" of Indiana from the date of the accident in question to the date of her death. [Dkt. 14 at 1 ¶ 1.] "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (emphasis added).

Additionally, Plaintiffs do not allege the citizenship of individual plaintiff Jack W. Webb. Mr. Webb asserts claims both individually and on behalf of Ms. Webb's estate. While the Court recognizes that Mr. Webb is a citizen of the same state as Ms. Webb for purposes of the claims Mr. Webb asserts as the representative of Ms. Webb's estate, 28 U.S.C. § 1332(c)(1), it is neces-

sary to know Mr. Webb's citizenship because he also asserts individual claims on his own behalf.

Finally, Plaintiffs also fail to plead the citizenship of Plaintiffs Jane E. Lingenfelser and Jacklyn Y. Decker, as personal representatives of Ms. Webb's estate for the sole purpose of collecting damages for wrongful death. While Plaintiffs may view it as repetitive to plead the citizenship of these parties because it appears that they will also have the same citizenship as Ms. Webb, 28 U.S.C. § 1332(c)(1), for purposes of clarity, Plaintiffs should affirmatively plead the citizenship of every party.

It is unclear whether Plaintiffs did not properly plead their respective citizenships because they contest diversity jurisdiction or because they accept the representations as to diversity made by Defendants in their removal petition. Regardless of the reason, it is always a federal court's responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). And now that the Plaintiff has filed an Amended Complaint in federal court, it must comply with federal standards. Therefore, the Court **ORDERS** Plaintiffs to file a Second Amended Complaint setting forth the citizenship of each party to this action by **June 13, 2011**. If Plaintiffs disputes that diversity jurisdiction exists in this matter, they should file a jurisdictional statement by **June 13, 2011** setting forth any reasons they do not believe this Court can exercise diversity jurisdiction.

06/03/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Nicholas Ward Levi
KIGHTLINGER & GRAY

nlevi@k-glaw.com

William J. Maher
MAHER LAW FIRM
maherlaw@verizon.net

Gerald H. McGlone
MCGLONE LAW
jerry@2344000.com

James William Roehrdanz
KIGHTLINGER & GRAY
jroehrdanz@k-glaw.com